# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-2013V

|  |  |
|---|---|
| TERESA L. RITTER,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 31, 2025 |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Elizabeth Andary*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 29, 2020, Teresa Ritter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 17, 2018. Petition at 1. On June 14, 2024, I issued a decision awarding damages to Petitioner, based on Respondent's proffer. ECF No. 58.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,622.20 (representing $21,413.10 in fees and $130.85 in costs from Petitioner's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

current counsel and $3,465.00 in fees and $613.25 in costs from Petitioner's former counsel). Petitioner's Application for Attorneys' Fees, filed Oct. 4, 2024, ECF No. 64. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on October 17, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 65. Petitioner has not filed a reply.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding the issues of entitlement, specifically prior shoulder pain and onset. *See* Petitioner's Motion for a Ruling on the Record and Memorandum in Support, filed Dec. 1, 2022, ECF No. 48; Petitioner's Reply in Support of Her Motion for Ruling on the Record and Damages, filed Jan. 5, 2023, ECF No. 51. Petitioner's counsel expended approximately 11.1 hours drafting the motion and 3.3 hours drafting the reply, for a combined total of 14.4 hours. ECF No. 64 at 11-12. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 64 at 24-35, 46-68. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $25,622.20 (representing $21,413.10 in fees and $130.85 in costs from Petitioner's current counsel and $3,465.00 in fees and $613.25 in costs from Petitioner's former counsel) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master